UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

GLENDA R.[1],

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

———————————————————————

20-CV-6928 (JLS)

## DECISION AND ORDER

Plaintiff Glenda R. brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act ("Act"), seeking review of the decision made by the Commissioner of the Social Security Administration ("Commissioner") finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 10. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 13, 14. For the reasons below, the Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title II Disability Insurance Benefits ("DIB") and her protective application for Title XIV

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.



Supplemental Security Income ("SSI"), both filed on August 31, 2017.[2] Tr. 171-84.[3] Plaintiff alleged that she had been disabled since December 1, 2016 and a date last insured of December 31, 2022. Tr. 185, 202. Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 94-103.

Following the hearing, in which Plaintiff was represented by counsel, ALJ John R. Allen issued an opinion finding that Plaintiff was not disabled. Tr. 15-35. Plaintiff's request for Appeals Council review was denied, after which she commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI. Receiving DIB requires a showing that Plaintiff became disabled while meeting the Act's insured status requirements. *See generally Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022); 42 U.S.C. § 423(d)(1)(A). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 9 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 9 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial work activity" is work activity that involves significant physical or mental activities.

3

20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(c); *see also* 20 C.F.R. §§ 404.1525, 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 404.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the ALJ to prove that a significant number of jobs in the national economy exist that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 1, 2016. Tr. 20. He also found that Plaintiff suffered from the following severe impairments: cervical degenerative disc disease, an unspecified condition causing vertigo, and asthma. Tr. 21. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 23.

Finally, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [Plaintiff] cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl. [Plaintiff] must avoid concentrated exposure to extremes of temperature and high humidity; [] she must avoid concentrated exposure to dust, smoke, fumes, gases[,] and other pulmonary irritants. She is precluded from work at unprotected heights, around hazardous machinery[,] or in other potentially hazardous work settings.

Tr. 24.

The ALJ found that Plaintiff was able to perform past relevant work as a Case Aide, and he concluded that Plaintiff was not disabled as defined by the Act because Plaintiff's age, education, work experience, and RFC allowed er to perform jobs that existed in significant numbers in the national economy during the relevant period. Tr. 30-31. Therefore, according to the ALJ, Plaintiff was not entitled to DIB or SSI at any time following the alleged onset date of December 1, 2016. Tr. 31.

## II. Plaintiff's Argument

Plaintiff makes two arguments for judgment in her favor. Dkt. 10-1 at 18. First, Plaintiff asserts that the ALJ failed to apply the correct legal standard in evaluating the medical opinions of record. *Id.* Second, she claims that the ALJ's RFC determination was unsupported by substantial evidence. *Id.* As set forth

below, remand is appropriate because the ALJ applied the wrong legal standard for evaluating medical opinions.[4]

### III. Analysis

Plaintiff argues that the ALJ applied the wrong legal standard for evaluating the medical opinions of record. Dkt. 10-1 at 18. Plaintiff particularly takes issue with the ALJ's evaluation of the opinions of Elizabeth Naumburg, M.D., Plaintiff's treating physician. *Id.* at 20.

When determining a claimant's RFC, "[t]he ALJ must articulate [his] consideration of the medical opinion evidence, including how persuasive [he] finds the medical opinions in the case record." *Angela H.-M. v. Comm'r of Soc. Sec.*, _ F. Supp. 3d _, No. 20-CV-06676, 2022 WL 4486320, at *4 (W.D.N.Y. Sept. 27, 2022) (citing 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). In evaluating a medical opinion, the ALJ considers the following factors: "(1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that 'tend to support or contradict a medical opinion or prior administrative finding.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3)).

---

[4] Because the ALJ applied the wrong legal standard in evaluating the medical opinions of record, the Court declines to address Plaintiff's remaining argument regarding whether the ALJ's RFC determination was supported by substantial evidence. *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

7

As a preliminary matter, the parties agree that the ALJ committed legal error by applying the old "treating physician" rule when evaluating Plaintiff's medical opinions. Dkt. 10-1 at 19; Dkt. 13-1 at 13; *compare* 20 C.F.R. §§ 404.1527 and 416.927 (describing the process for evaluating medical opinions in cases filed before March 27, 2017), *with* 20 C.F.R. §§ 404.1520c and 416.920c (describing the same for cases filed on or after March 27, 2017). Under the old regulations, a reviewing court would perform a harmless error analysis in this situation. *See Estrella*, 925 F.3d at 96. Courts have been willing to do the same under the new regulations. *See Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293 (2d Cir. Jun. 17, 2022) (summary order) ("Despite the ALJ's procedural error, we could affirm if 'a searching review of the record' assures us 'that the substance of the [regulation] was not traversed.'") (internal citations omitted); *but cf. Brianne S. v. Comm'r of Soc. Sec.*, No. 19-CV-1718, 2021 WL 856909, at *5 (W.D.N.Y. Mar. 8, 2021) (quoting *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502, 2021 WL 363682, at *16 (S.D.N.Y. Jan. 29, 2021)) ("Given the newness of the regulations . . . this Court will not engage in a substantial evidence review to determine if the legal errors were harmless.") (internal quotation marks omitted).

The ALJ adopted the opinion of the state agency medical consultant, R. Abueg, M.D., even though affording it only "partial but very significant weight," finding the opinion to be supported by "appropriate citations to the evidentiary record available to him at the time of his report" and "consistent with that evidence." Tr. 28-29. The ALJ, however, did not point to any specific pieces of

<* >
<* />
<* >

<* />

<* >
<* />

<* >

<* />

<* >
<* />

<* >

<* />

<* >

evidence in the transcript except to say that a "significant restriction [is] consistent with medical imaging of [Plaintiff's] spine, and with findings of tenderness." Tr. 29.

The ALJ afforded Dr. Naumburg's December 2018 and October 2017 opinions "partial and much less weight" and "little weight," respectively. Tr. 29. In the December 2018 opinion, Dr. Naumburg opined that Plaintiff could never: (1) lift ten pounds; (2) twist, stoop, crouch, or climb; (3) sit more than twenty minutes at one time; (4) stand more than fifteen minutes at one time; or (5) sit, stand, and walk for two hours in an eight-hour workday. Tr 342-43. Dr. Naumburg further stated that Plaintiff would be absent from work for more than four days per month. Tr. 343. The ALJ found this latter statement to be speculative and "not supported by clinical findings or [Plaintiff's] work or medical history." Tr. 29. Although the Dr. Naumburg supported her opinion with clinical findings of several superficial masses on Plaintiff's face and moderate arthritic changes in Plaintiff's cervical spine, the ALJ determined that the superficial masses did "not appear reasonably related to any of the physical restrictions" and that the moderate arthritic changes did "not support the severe degree of limitation posited by Dr. Naumburg." Tr. 29; *see* Tr. 342.

Dr. Naumburg's findings in her October 2017 opinion were similar to those contained in her December 2018 opinion. *See* Tr. 355-82. The ALJ found this opinion to be "counterintuitive at some points" and to "not offer findings or explanation for specific activities." Tr. 29. The ALJ also stated that the opinion

<* >
9
<* />

was inconsistent with one issued by Dr. Naumburg six months earlier in March. Tr. 29-30 (citing Tr. 375-378).

Upon review of the entire record, the Court cannot say that the ALJ properly considered the consistency and supportability factors for any of the medical opinions, let alone those of Dr. Naumburg. It is not clear from the record how the ALJ reconciled Dr. Naumburg's opinion with Dr. Abueg's opinion and the ultimate RFC determination. *See Angela H.-M.*, 2022 WL 4486320, at *5. Remand is appropriate because the ALJ failed to apply the correct legal standard for evaluating the medical opinions of record. *See Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018) (quoting *Wider v. Colvin*, 245 F. Supp. 3d 381, 392 (E.D.N.Y. 2017)) (holding that case required remand "[s]ince the Court may not assess objections as to 'substantial evidence' where an ALJ decision is infected with legal error"). On remand, the ALJ must ensure that the correct legal standard is applied in evaluating every medical opinion of record.

## CONCLUSION

For these reasons, the Court **DENIES** the Commissioner's motion for judgment on the pleadings (Dkt. 13) and **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 10). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   November 14, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE